DAVID A. HAALAND AND JOANNE HAALAND, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Haaland v. Commissioner
Docket No. 6267-82.
United States Tax Court
T.C. Memo 1984-335; 1984 Tax Ct. Memo LEXIS 343; 48 T.C.M. (CCH) 378; T.C.M. (RIA) 84335; June 27, 1984; As Amended June 28, 1984 *343 Held, a U.S. Postal Service Certificate of Mailing, Form 3817, bearing a timely U.S. postmark stamp date, being neither a receipt for certified mail nor proof of registered mailing, is impermissible to prove date of mailing of petition, where envelope in which petition is received by the Court bears a U.S. postmark stamp date that is one day late. Secs. 6213 and 7502, I.R.C. 1954, as amended, and regulations thereunder. Held further, respondent's Motion for Reconsideration and Revision of Order is granted. Held further, respondent's Motion to Dismiss for Lack of Jurisdiction is granted. Sebastian D'Amico, for the petitioners. William H. Quealy, Jr.,Joseph T. Chalhoub and Thomas M. Cryan, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: Respondent's Motion for Reconsideration and Revision of Order was assigned to Special Trial Judge Francis J. Cantrel for hearing, consideration and ruling thereon. After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Reconsideration and Revision of Order. [1] If we grant *344 that motion we must then decide whether respondent's earlier filed Motion to Dismiss for Lack of Jurisdiction should be granted, in which event we must vacate and set aside our Order of June 15, 1982. We think it appropriate to recite the procedural history of this case leading up to the filing of respondent's motion for reconsideration. The Court received and filed the petition herein on March 22, 1982. Respondent, on May 6, 1982, filed a Motion to Dismiss for Lack of Jurisdiction asserting that the petition was not filed with this Court within the time prescribed by section 6213(a) [2] or 7502.[3] By Order dated May 12, 1982 we gave petitioners until June 11, 1982 in which to file an objection to respondent's motion. An objection was filed on June 14, 1982 wherein petitioners urged that their petition was timely mailed and, thus, timely filed. In support of their position they attached to their objection a United States Postal Service Certificate of Mailing, P.S. Form 3817, May 1976 (hereinafter called Certificate of Mailing). The Certificate of Mailing, which has stamps affixed thereto in *345 the amount of 40 cents and which bears thereon a clearly legible United States postmark stamp date of March 16, 1982, is filled out as follows: Received From: S. D'Amico, 3838 Camino del Rio N #162, San Diego, Cal. 92108 One piece of ordinary mail addressed to: Clerk U.S. Tax Court, 400 Second St. N.W., Washington, D.C. 20217 Upon consideration of the "evidence" furnished we issued an Order on June 15, 1982 denying respondent's *346 motion. Thereafter, on August 2, 1982, respondent filed an answer to the petition. On August 3, 1982 respondent filed a Motion for Leave to File Motion for Reconsideration and Revision of Order Out of Time. On the same date respondent's Motion for Reconsideration and Revision of Order and memorandum in support thereof were "lodged" with the Court. Respondent's motion for leave was calendared for hearing at Washington, D.C. on September 15, 1982. No appearance was made by or on behalf of petitioners at the September 15 hearing nor was a response to respondent's motion for leave filed. [4] *347 Counsel for respondent appeared and presented argument. As a result, the Court calendared respondent's motion for reconsideration for hearing at Washington, D.C. on November 17, 1982 and gave petitioners' counsel until November 8, 1982 in which to file a brief in support of his position. A memorandum brief was so filed on November 12, 1982 in lieu of appearance at the hearing. At the conclusion of the hearing on November 17, 1982, the Court took respondent's motion under advisement. On September 15, 1982, the parties filed a stipulation of facts which is incorporated herein by this reference. On December 16, 1981 respondent mailed a notice of deficiency to petitioners by certified mail directed to their last known legal address, 7824 Lake Tahoe Avenue, San Diego, California 92119.In that notice respondent determined deficiencies in petitioners' Federal income tax and additions to the tax for the taxable calendar years 1976, 1977 and 1978 in the following respective amounts: Addition to Tax, I.R.C. 1954
Years
Income Tax
Section 6653(a)
1976
$8,096.51
$404.83
1977
1,672.91
83.65
1978
7,160.36
358.02
The parties have stipulated that on Tuesday, March 16, 1982 counsel for petitioners, Sebastian D'Amico, Esquire, delivered the petition in this case, with enclosures, to the United States Post Office at San Diego, California in a cover bearing the correct address of the Court and with the correct postage prepaid. At the time of said delivery, Mr. D'Amico, secured from an employee of *348 the United States Postal Service a Certificate of Mailing which bears the postmark of the United States Postal Service dated March 16, 1982. The petition in this case was directed to the Court by the regular mail of the United States Postal Service. The last day on which a petition from the notice mailed to the petitioners on December 16, 1981 could be timely filed with the Court was March 16, 1982, which date was not a Saturday, Sunday, or a legal holiday in the District of Columbia. The petition herein was received and filed with this Court on March 22, 1982. The envelope containing the petition bears thereon a clearly legible United States postmark stamp date of "March 17, 1982 PM." The sole issue before the Court is whether the petition herein was timely filed pursuant to sections 6213(a) and 7502. Petitioners urge that it was, and respondent counters that it was not. For the reasons set forth hereinbelow we are compelled to agree with respondent. Section 6213(a) requires, with one exception not applicable here, that a taxpayer file a petition for redetermination with this Court within 90 days after the notice of deficiency authorized in section 6212 is mailed. This requirement *349 is jurisdictional. , affg. a Memorandum Opinion of this Court; ; ; . However, the time of mailing will be deemed to be the time of filing if the statutory requirements of section 7502 are met. Since the petition was actually received and filed by this Court on March 22, 1982, which was 96 days after the notice of deficiency was mailed, petitioners must rely on section 7502 to establish the timeliness of their petition. Section 7502(a) provides, in part, that if a properly addressed, postage prepaid envelope or wrapper containing the petition is deposited in the mail in the United States and bears a United States postmark stamp date which is on or before the last date for filing, the postmark stamp date will be deemed to be the filing date. Generally, where a legible United States postmark stamp date appears on the envelope or wrapper no extrinsic evidence may be introduced to prove the time that the postmark stamp was made. ; ; *350 ; . See also . The sole exception to this rule is where the envelope or wrapper is sent by United States registered or certified mail. Section 7502(c). In the case of registered mail the date of registration shall be deemed as the postmark stamp date; section 7502(c)(1)(B); and in the case of certified mail the postmark stamp date on the sender's receipt shall be deemed as the postmark stamp date; section 7502(c)(2); sec. 301.7502-1(c)(2), Proced. & Admin. Regs. Section 7502(c) does not include a Certificate of Mailing. Section 7502(c) specifically enumerates the two types of mailings to which the exception applies, United States registered and certified mailings, and we cannot expand the scope of section 7502(c) beyond the statutory limitation. [5] In addition a Certificate of Mailing does not have the same indicia of reliability as United States registered and certified mailings. An envelope or wrapper sent by registered mail is monitored from the point of acceptance by the United States Postal Service until delivery to the *351 addressee. Domestic Mail Manual, Issue 13, sec. 911.11 (Dec. 29, 1983). Registered mail is monitored through the use of a system of numbered mailing labels affixed to the envelope or wrapper mailed and registry receipts on which corresponding numbers are entered. Registered Mail Handbook, DM-901, Ch. 3-5 (April 1, 1983). Certified mail is not monitored as it moves through the postal system. However, the sender receives a receipt for mailing, and a record of delivery is maintained at the office of address. Domestic Mail Manual, Issue 13, sec. 912.1 (Dec. 29, 1983). As in the case of registered mail, a numbered mailing label or sticker is affixed to the envelope or wrapper mailed. Domestic Mail Manual, Issue 13, sec. 912.1 (Dec. 29, 1983). A corresponding number is entered on a United States Postal Service Receipt for Certified Mail, P.S.Form 3800, or a United States Postal Service Firm Mailing Book for Registered, Insured, C.O.D., Certified and Express Mail, P.S. Form 3877. Unlike United States registered *352 or certified mail, a Certificate of Mailing provides evidence of mailing only. Domestic Mail Manual, Issue 13, sec. 931.1 (Dec. 29, 1983). The Certificate of Mailing is normally prepared by the sender and must show the name and address of both the sender and the addressee. Domestic Mail Manual, Issue 13, sec. 931.311 (Dec. 29, 1983). However, the Certificate of Mailing is not otherwise associated with the specific item mailed. Domestic Mail Manual, Issue 13, sec. 931 (Dec. 29, 1983). Consequently, a Certificate of Mailing which shows only that an envelope or wrapper was sent to the stated addressee on the postmark stamp date appearing on the certificate is not sufficiently reliable to overcome the presumption that the correct postmark stamp date appears on the specific envelope or wrapper containing the petition. [6] *353 Here, the envelope in which the petition was contained bears a legible United States postmark stamp date 91 days after the notice of deficiency was mailed. The United States postmark stamp date is not timely. Petitioners cannot introduce extrinsic evidence to rebut the presumption that the untimely postmark stamp date is the mailing date in the absence of proof of a timely date on a registry or a certified receipt. Neither were introduced by petitioners. As the United States postmark stamp date is beyond the statutory period for a timely filed petition, section 7502 is inapplicable. The petition was delivered to the Court and filed on the 96th day after the notice of deficiency was mailed. Section 6213(a) requires that the *354 petition be filed on or before the 90th day after the notice of deficiency is mailed. Clearly, the requirements of section 6213(a) have not been satisfied, and we do not have jurisdiction to make a redetermination. The result in this case may appear harsh. However, we note that Congress has specifically provided a means by which petitioners could have avoided the risk that the United States Postal Service would not properly postmark the envelope in which the petition was contained. Petitioners could have mailed their petition by United States registered or certified mail. . They did not choose to do so. In accordance with the foregoing, respondent's motion for reconsideration will be granted and An appropriate order of dismissal will be entered.
Footnotes
1. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).↩
2. All section references are to the Internal Revenue Code of 1954, as amended. ↩
3. We observe that "* * * we have jurisdiction to determine if we have jurisdiction at any time, be it before or after final decision is entered. * * *." ."* * * [Q]uestions of jurisdiction which go to the root of all subsequent action * * * and should be disposed of at the threshold * * * must be dealt with by the Tax Court, like other tribunals, on its own motion even if not raised by either party. * * *." . See also, ; .↩
4. As we understand respondent's representations made at the hearing, petitioners' counsel had no firm objection to respondent's motion for leave and the filing of the motion for reconsideration. Rather, he was concerned in the event the Court granted the latter motion and wanted an opportunity to respond to it.
5. As we stated in , "[t]his Court does not have the power to create an exception to the clear command of the statute [sec. 7502(a)]."↩
6. In , we noted: "The statute authorizes the Secretary to provide by regulations the extent to which the rules applicable to registered mail also apply to certified mail. * * * However, the certificate of mailing employed by petitioner in this case is not the same as certified mail. Certified mail provides a numbered receipt to the sender. The receipt bears the same number as the certified mail sticker attached to the article. Similarly, a numbered receipt is issued for registered mail. Certificates of mailing, on the other hand, are generally not numbered. Thus, a certificate of mailing while providing evidence of mailing, does not indicate that a particular item was mailed but only that an item was mailed to an addressee.* * *." .